UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

FONTRISE CHARLES,

        Plaintiff,

v.                                                Case No.
                                                  Hon.

UNITED STATES OF AMERICA,

        Respondent.
_____/
Joseph Falcone (P25727)
Attorney for Plaintiff
3000 Town Center, Suite 2370
Southfield, MI 48075
248-357-6610
jf@lawyer.com
_____/

**COMPLAINT**

        NOW COMES Plaintiff, Fontrise Charles, by and through her attorney, Joseph Falcone, and for her Complaint, states as follows:

        1.     Plaintiff is Fontrise Charles, an individual, having her address in Kalamazoo, Michigan, which is in this judicial district.

        2.     The Internal Revenue Service ("IRS"), is an administrative agency within the Department of Treasury of The United States of America, with offices in this Judicial District.

        3.     Subject matter jurisdiction exists in this Court because an actual controversy exists between the IRS and Petitioners/Plaintiffs regarding the claimed violations by the United States's Internal Revenue Service of 12 USC 3402 and 26 USC 6103.

        4.     The acts complained of in this Complaint took place or originated within the Southern Division of the Western Judicial District of Michigan.

5. This action is brought pursuant to 12 USC 3417(a) and 26 USC 7431.

## COUNT I

### RIGHT TO FINANCIAL PRIVACY ACT

1 through 5, inclusive. Plaintiff repeats and realleges paragraphs 1 through 5, inclusive, of this Complaint as if the same were repeated word for word and paragraph by paragraph, and reincorporates the same hereby by reference.

6. Chemical Bank, 211 E. Waters Street, #100, Kalamazoo, Michigan 49007, is a financial institution within the meaning of the Right to Financial Privacy Act., 12 USC 3401.

7. Plaintiff is a customer of Chemical Bank within the meaning of the Right to Financial Privacy Act, 12 USC 3401, in that she has continuously and at all times during 2013, utilized the services of chemical bank and had an account maintained in her name at that bank.

8. Representatives and agents of the Internal Revenue Service sought and obtained information from Chemical Bank, without following the procedures of the Right to Financial Privacy Act and/or the requirements of 26 USC 7609, in that the Internal Revenue Service did not give Plaintiff notice or obtain her consent prior to obtaining information contained in the financial records from that bank and did not follow the

procedures of 26 USC 7609 in order to obtain Plaintiff's financial information from the bank. .

9. Plaintiff was advised by Chemical Bank in April 2013 that inquires had been made about her business and Chemical Bank requested that Plaintiff bring in a sample contract used by Plaintiff's business to a branch so that the bank could examine the same and learn more about Plaintiff's business.

10. Plaintiff appeared at the bank and showed the bank a sample contract used by Plaintiff's business. Immediately upon Plaintiff arriving at the bank's offices, the bank's officer took the sample contract from Plaintiff and made a photocopy of it "for the bank's records," (according to the bank's officer). The bank then asked Plaintiff details about her business operations "for the bank's records," (according to the bank's officer).

11. Immediately after the bank had acquired a copy of Plaintiff's contract and after Plaintiff had disclosed to the bank the sample contract and information about Plaintiff's business operations, the bank disclosed to Plaintiff that it had been the Internal Revenue Service that had made inquiries about her business and banking transactions.

12. Subsequently, a few weeks after Plaintiff had given her financial information to the bank, Plaintiff learned that the Internal Revenue Service, through Special Agent Rodney Urlaub, had asked questions of Plaintiff's business customers that were in the nature of exactly verifying the description of Plaintiff's business that had been provided to Chemical bank a few weeks previously.

13. Subsequent to meeting with the bank, the bank "flagged" Plaintiff's account, compelling every teller at any branch to call the bank officer to whom Plaintiff originally

disclosed the information, before the bank would process Plaintiff's transactions, causing her humiliation and embarrassment.

14. Upon information and belief, the Internal Revenue Service sought Plaintiff's financial information from Chemical Bank, induced Chemical Bank to call Plaintiff into its offices and, causing the bank to act as if the inquiries regarding Plaintiff's business had originated internally at the bank and make the aforesaid inquiries to Plaintiff on the Internal Revenue Services's behalf, and then, the Internal Revenue Service, acting intentionally and willfully, without following the procedures of the Right to Financial Privacy Act or 26 USC 7609, obtained Plaintiff's financial information from the bank as a result of the aforesaid subterfuge. The actions of the Internal Revenue Service were in intentional and willful violation of Plaintiff's rights under the Right to Financial Privacy Act.

15. As a result of the Internal Revenue Services's illegal actions in violating the Right to Financial Privacy Act, Plaintiff has suffered statutory damages in the amount of $100.00.

16. As a result of the Internal Revenue Services's illegal actions in violating the Right to Financial Privacy Act Plaintiff has suffered damages to her business in an amount in excess of $10,000.

17. Plaintiff is entitled to punitive damages under 12 USC 3417(a)(4)

18. Plaintiff is entitled to the actual costs of this action together with reasonable attorney's fees.

## COUNT II

<u>WRONGFUL DISCLOSURE OF TAX RETURN INFORMATION</u>

1. through 17, inclusive. Plaintiff repeats and realleges paragraphs 1 through 5, inclusive, of this Complaint as if the same were repeated word for word and paragraph by paragraph, and reincorporates the same hereby by reference.

2. The Internal Revenue Service communicated with Chemical Bank and informed Chemical Bank that Plaintiff was operating a business that was engaging in activities that were such that the bank should question Plaintiff and obtain information from her that should be transmitted to the Internal Revenue Service.

3. The information that the Internal Revenue Service communicated to Chemical Bank was protected under 26 USC 6103 as return information, in that the information contained Plaintiff's identity, the nature, source and amount of her income and that she was being audited or subjected to examination or other investigation, and other information, and the information was not necessary to disclose to the bank, but was disclosed in order to induce the bank to make inquires of Plaintiff on behalf of the Internal Revenue Service in order to avoid the Internal Revenue Services's duties under the Right to Financial Privacy Act.

4. Petitioner has been damaged by the aforesaid unauthorized disclosure of her tax return information in an amount in excess of $10,000.

5. Pursuant to 26 USC 7431, Plaintiff is entitled to at least $1,000 for each act of unauthorized disclosure as aforesaid.

6. The disclosure was the result of gross negligence or was willful and therefore, Plaintiff is entitled to the costs of this action and reasonable attorneys fees in addition to damages.

WHEREFORE, Plaintiff prays that this Honorable Court award her damages in excess of $10,000, plus her actual costs and attorneys fees.

___/s/  *Joseph Falcone* _____ May 23, 2013
Joseph Falcone (P25727)
Attorney for Plaintiff
3000 Town Center, Suite 2370
Southfield, MI 48075
248-357-6610
Jf@lawyer.com